IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02189-PAB-MEH

DWAYNE JONES,

    Plaintiff,

v.

DR. ERWIN MOZER, MD.
NURSE JANE DOE, Individually,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

Before the Court is Defendant Erwin Mozer, M.D.'s Motion to Dismiss [filed January 26, 2012; docket #34]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #35]. The matter is fully briefed, and oral argument would not materially assist the Court in its adjudication of the motion. Based on the record contained herein, the Court RECOMMENDS that Defendant's motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## BACKGROUND

On August 22, 2011, Plaintiff, proceeding *pro se*, initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983. (Docket #1.) Upon initial review of the complaint, Magistrate Judge Shaffer ordered Plaintiff to file an amended complaint within thirty days. (Docket #5.) In accordance with Magistrate Judge Shaffer's order, Plaintiff filed his Amended Complaint on October 13, 2012, naming the Board of County Commissioners for Arapahoe County, Colorado ("BOCC"), Dave Welcher, Erwin Mozer, M.D., and Nurse Jane Doe as defendants. (Docket #6.) "After a considerable amount of thought, discussion, and consideration," Plaintiff successfully moved to dismiss Defendants BOCC and Welcher from this lawsuit. (*See* dockets ##38, 41.) With the exception of an unidentified nurse, only Defendant Mozer remains.

Although Plaintiff's Amended Complaint asserts four causes of action, Plaintiff's contention against Defendant Mozer is limited to Claim Three. (Docket #6 at 9.) In Claim Three, Plaintiff alleges that Defendant Mozer violated his Eighth Amendment rights by failing to provide Plaintiff with proper medical services during Plaintiff's incarceration at Arapahoe County Detention Facility ("ACDF").[2] (*Id*.) Plaintiff entered ACDF on June 8, 2009, and was given an intake medical evaluation upon arrival. (*Id*. at 4.) Plaintiff claims he was in "reasonably good health" at the time. (*Id*.) Although Plaintiff suffered from "mental health issues," he insists he was not diabetic. (*Id*.) On October 31, 2009, Defendant prescribed Plaintiff with an anti-psychotic medication known as Risperdal. (*Id*.) When Plaintiff met with Defendant later that day, Plaintiff expressed concern regarding the effect of the medication on his blood sugar levels. (*Id*.) In particular, Plaintiff noted

---

[2]According to the docket, Plaintiff is now housed at the Arkansas Valley Correctional Facility.

that his previous doctor required Plaintiff to provide a blood sample within two to three days after starting the medication to ensure his blood sugar levels were not elevated. (*Id*.)  Defendant stated he would order a blood draw. (*Id*.)

Plaintiff began taking Risperdal on November 1, 2009. (*Id*.)  For the next several weeks, Plaintiff continued to ask medical staff for a blood test; however, no test was performed. (*Id*.)  When Plaintiff met with Defendant again on February 2, 2010[3], he asked Defendant why his blood sugar was never checked. (*Id*.)  Defendant told Plaintiff he thought it had been done, and immediately requested a blood test for the following morning. (*Id*.)  The subsequent blood test revealed that Plaintiff had diabetes. (*Id*.)

Plaintiff attributes his diabetes to Defendant's negligence, arguing that Defendant "grossly deviated from [the] standard of care." (*Id*. at 9.)  In addition to direct liability, Plaintiff also advances a theory of vicarious liability based upon Defendant's alleged failure to train and supervise other employees who also acted negligently. (*Id*.)  As relief, Plaintiff seeks $1,250,000 from Defendant in punitive damages, $1,250,000 in compensatory damages, and reimbursement for all future medical costs arising from the treatment of Plaintiff's diabetes. (*Id*. at 13.)

In response to the Amended Complaint, Defendant Mozer filed the present Motion to Dismiss on January 26, 2012. (Docket #34.)  Defendant contends that Claim Three should be dismissed because Plaintiff has failed to allege sufficient facts in support of either theory of liability. Plaintiff filed a response to Defendant Mozer's Motion to Dismiss on February 17, 2012, arguing that Defendant possessed a sufficiently culpable state of mind to support Plaintiff's claim of

---

[3]Plaintiff's Amended Complaint states that Plaintiff met with Defendant on February 2, 2009; however, the Court reads the date as a typographical error.

deliberate indifference. (Docket #46.) In support of this contention, Plaintiff attached excerpts of medical records detailing the medication and treatment he received at ACDF. (*See id*. at 5-13.) Defendant Mozer filed a reply on March 5, 2012, urging the Court to limit its analysis to the "four corners" of the Amended Complaint. (Docket #49 at 2.) When so limited, Defendant maintains that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. (*Id*. at 8.)

Notably, Plaintiff attempted to file a second amended complaint on February 16, 2012, adding a negligence claim. (Docket #44.) The Court denied Plaintiff's motion without prejudice for failure to comply with Fed. R. Civ. P. 11(a) and D.C. Colo. LCivR 5.1G. (Docket #47.) The Court granted Plaintiff leave to cure his procedural deficiencies and re-file his motion on or before March 2, 2012. (*Id.*) Plaintiff did not renew his request; thus, the Court considers the present motion based upon the facts asserted in the Amended Complaint.

## LEGAL STANDARD

### I.     Dismissal Under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 652, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

When considering a motion to dismiss under Rule 12, the Court "must limit its review to the four corners of the Complaint, but may also consider documents attached to the complaint as exhibits, as well as unattached documents which are referred to in the Complaint[.]" *Colo. Legal Serv. v. Legal Aid Nat'l Serv.*, No. 08-cv-00258-MSK-KMT, 2009 WL 347500, at *2 (D. Colo. Feb. 11. 2009) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)). In accordance with this principle, the Court must disregard supplemental factual material attached to the parties' motions or response. *Id.* In light of this mandate, the Court will not consider the medical records attached to Plaintiff's response.

## II.     Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* A *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only

'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## **ANALYSIS**

As noted above, Plaintiff alleges both direct and vicarious liability. Defendant argues that Plaintiff has failed to state a claim under either theory. Thus, the Court will address each theory of liability in turn.

### A. Direct Liability

Claim Three asserts, in part, that Defendant violated Plaintiff's Eighth Amendment rights directly by negligently failing to provide Plaintiff with blood testing. (Docket #6 at 9.) As a result of this failure, Plaintiff believes he developed diabetes. (*Id.*) Defendant argues that Plaintiff's Amended Complaint fails to sufficiently state the elements of a deliberate indifference claim, as set forth in *Estelle v. Gamble*, 429 U.S. 97 (1975). (Docket #34 at 4.)

Under the Eighth Amendment, prisoners are constitutionality entitled to "humane conditions of confinement guided by 'contemporary standards of decency.'" *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle*, 429 U.S. at 103). Prisoners state a claim of cruel and unusual punishment under the Eighth Amendment by alleging prison officials demonstrated "deliberate indifference to a prisoner's serious illness or injury," or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 2481 (1993); *see also Estelle*, 429 U.S. at 105.

The test for deliberate indifference is both objective and subjective. *Marta v. Saiz*, 427 F.3d

745, 752 (10th Cir. 2005). To meet the objective component of the test, the alleged harm must rise to a level sufficiently serious to be cognizable under the cruel and unusual punishment clause of the Eight Amendment. *Id*. at 752-53. A medical need is sufficiently serious if "it has been diagnosed by a physician as mandating treatment or one that is so obvious a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 753 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)).

Looking first to the objective component of the test, Plaintiff argues that developing diabetes constitutes a sufficiently serious harm because the disease is "life altering" and increases the risk that Plaintiff may lose an appendage, go blind, or suffer from a heart attack or stroke. (Docket #46 at 2.) Defendant does not dispute that Plaintiff has diabetes, but instead argues that Plaintiff's description of the severity of the illness is too conclusory to support a claim for relief under the Eighth Amendment. (Docket #34 at 6.) The Court finds Plaintiff's view more persuasive.

Diabetes is a disease that both physicians and lay persons recognize requires treatment. The Tenth Circuit has found that, left untreated, diabetes constitutes a sufficiently serious medical condition to support an Eighth Amendment claim. *See Lemay v. Winchester*, 382 F. App'x 698, 703 (10th Cir. 2010) (finding a defendant was deliberately indifferent to a plaintiff's serious medical needs when the defendant failed to adequately treat the plaintiff's diabetes).

Having determined Plaintiff meets the objective component of the deliberate indifference test, the Court now turns to whether Plaintiff has alleged sufficient facts to meet the subjective component of the test. To meet the subjective component, a plaintiff must demonstrate the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take

reasonable measures to abate it." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006)). The subjective component requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer v. Brennan*, 511 U.S. 825, 838, 114 S. Ct. 1970 (1994)). Officials must both know of and disregard an excessive risk to inmate health or safety. *Id*.

In the context of 1983 suits, "inadvertent failure to provide adequate medical care or negligence in diagnosing or treating a medical condition does not violate the Eighth Amendment." *Braxton v. Wyandotte County Sheriff's Dep't*, 205 F. App'x 791, 793 (10th Cir. 2006). "So long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met." *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006).

In this case, both the facts and legal conclusions offered by Plaintiff undermine his alleged Eighth Amendment claim. Factually, Plaintiff's Amended Complaint states that Defendant agreed to order a blood test two to three days after Plaintiff began taking Risperdal. (Docket #6 at 4.) When Plaintiff confronted Defendant about why the blood test had not been performed, "[Defendant] informed [Plaintiff] that he thought it had been done[.]" (*Id*.) Upon realizing that Plaintiff's blood had not been tested, Defendant ordered the test immediately. *Id*. Accepting the facts alleged in the Amended Complaint as true, Defendant was unaware of the failure to test, but attempted to remedy the problem as soon as he discovered it. Defendant's apparent ignorance regarding the testing distinguishes this case from *Self* insofar as the failure to test was not the result of a deliberate decision, but rather a mistaken belief about whether the testing had already been

performed. Defendant's initial agreement to order the test and his immediate action upon realizing it had not been performed provide further evidence of his state of mind, as they suggest that Defendant never intended to withhold testing. At most, the facts show that Defendant might have inadvertently failed to order the test despite his intent to do so. Such inadvertence is not sufficient to establish liability under the Eighth Amendment. *See Estelle*, 429 U.S. at 105-06; *see also Self*, 439 F.3d at 1232.

Plaintiff's legal conclusions are also problematic, as Plaintiff alleges that Defendant *negligently* failed to provide proper medical treatment. Even if this were an accurate inference in light of the facts alleged, the Tenth Circuit has repeatedly confirmed that the Eighth Amendment does not provide a cause of action for medical negligence. *Childress v. Harms*, 449 F. App'x 758, 761 (10th Cir. 2011) (citing *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008)). Plaintiff also contends that Defendant demonstrated "willful and wanton indifference," but this conclusory statement is inconsistent with the facts asserted in the Amended Complaint. (Docket #6 at 4.)

Because Plaintiff's factual and legal assertions do not support a claim for relief under the Eighth Amendment, the Court recommends the District Court find that Plaintiff cannot prevail on his theory of direct liability.

B.     Vicarious Liability

Plaintiff also alleges that Defendant is vicariously liable for the violation of his constitutional rights because Defendant failed to adequately train and supervise the medical staff of ACDF. (Docket #6 at 9.) Defendant contends that Plaintiff's theory does not withstand the plausibility test of *Iqbal*.

As a general rule, an individual cannot be liable under section 1983 unless he or she personally participated the alleged violation. *See Iqbal*, 129 S. Ct. at 1948. In *Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010), the Tenth Circuit recognized that the Supreme Court, in *Iqbal*, further narrowed the already limited theory of supervisory liability. The *Dodds* court explained *Iqbal*'s holding that "when a plaintiff sues an official under *Bivens* or § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds*, 614 F.3d at 1198 (quoting *Iqbal*, 129 S. Ct. at 1949). A plaintiff may allege supervisory liability by "showing the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996.)

Although Plaintiff does not allege that Defendant was a supervisor, the Court will liberally infer this fact from Plaintiff's assertion that Defendant had a duty to supervise other employees at ACDF. (*See* docket #6 at 9.) However, even if Defendant was a supervisor, Plaintiff has provided no facts showing liability for reasons beyond Defendant's status. Without such information, the Court cannot plausibly find that Defendant "directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *See Jenkins*, 81 F.3d at 994. If anything, the facts alleged by Plaintiff show that Defendant lacked knowledge of the medical staff's supposed failure and, upon becoming aware of the failure, acted immediately to correct it. (*See* docket #6 at 4.)

Accepting the facts asserted in the Amended Complaint as true, the Court finds that Plaintiff has failed to advance a plausible Eighth Amendment claim under either a direct or vicarious theory of liability. Accordingly, the Court recommends the District Court dismiss Claim Three and

Defendant Mozer from this action.

## **CONCLUSION**

As described above, the Court finds that Plaintiff has failed to state a claim against Defendant Mozer upon which relief can be granted. Therefore, the Court RECOMMENDS that Defendant Erwin Mozer M.D.'s Motion to Dismiss [filed January 26, 2012; docket #34] be **granted** and that the District Court dismiss Claim Three against Defendant Mozer accordingly.

Respectfully submitted at Denver, Colorado, this 28th day of March, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge