IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02189-PAB-MEH

DWAYNE A. JONES,

    Plaintiff,

v.

ERWIN MOZER, M.D., and
NURSE JANE DOE, Individually,

    Defendants.

**ORDER**

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 51]. The magistrate judge recommends that the Court grant defendant Erwin Mozer's Motion to Dismiss [Docket No. 34] and dismiss Claim Three against Dr. Mozer.[1] Docket No. 51 at 11. Plaintiff filed timely objections [Docket No. 54] to the Recommendation. When a party files

---

[1] The only other defendant in this action is "Nurse Jane Doe." Docket No. 6 at 1. Plaintiff has not identified this defendant and there is no indication in the docket that plaintiff has served this individual with any of the pleadings. "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Given that plaintiff has not served or shown good cause for his failure to serve Nurse Jane Doe, the Court will dismiss his claim against Nurse Jane Doe without prejudice pursuant to Rule 4(m). *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) (observing that dismissal may be appropriate when unnamed defendants remain unidentified for a lengthy period of time).

timely objections to a magistrate judge's recommendation on a dispositive motion, a district court reviews the objected-to portion of the recommendation de novo. *See* Fed. R. Civ. P. 72. Because plaintiff is proceeding pro se, the Court liberally construes his pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but may not act as his advocate. *See Hall*, 935 F.2d at 1110.

     Because the Recommendation provides a thorough recitation of the factual background of this case, the Court will turn directly to the claim at issue. Plaintiff's Eighth Amendment claim arises out of medical treatment he received at the Arapahoe County Detention Facility. Docket No. 6 at 4. Plaintiff claims that a physician at the Arapahoe County Detention Facility, defendant Mozer, prescribed Risperdal for him to help with mental health issues. *Id.* At the time, plaintiff alleges that he told Dr. Mozer that his doctor at the Veteran's Administration required that he have a blood test done 2-3 days after starting medication to make sure that the medication did not raise his blood sugar level and that Dr. Mozer said that he would order a blood test. *Id.* Approximately three months later, plaintiff asked Dr. Mozer why he had not received a blood test. Dr. Mozer told plaintiff that he thought that the blood test had been done and requested one the next morning. *Id.* Plaintiff states that, because Risperdal raised his blood sugar levels, he is now diabetic. *Id*. at 9. Plaintiff contends that Dr. Mozer violated his Eighth Amendment rights because Dr. Mozer knew that Risperdal could cause diabetes, yet he "negligently fail[ed] to provide [plaintiff] with the necessary blood sample." *Id*.

At the time his claim arose, plaintiff was a pretrial detainee. In cases involving the right to custodial medical care, "pretrial detainees are protected under the [Fourteenth Amendment's] Due Process Clause rather than the Eighth Amendment." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) (citations and internal quotation marks omitted). Nevertheless, the Court "applies an analysis identical to that applied in Eighth Amendment cases brought pursuant to [42 U.S.C.] § 1983." *Id*. To state a cognizable Eighth Amendment claim for denial of medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "deliberate indifference" claim involves both an objective and subjective component. *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000). In this case, plaintiff must show both that he suffered a "sufficiently serious" harm (the objective element) and that defendant knew and disregarded "an excessive risk" to plaintiff's health (the subjective element). *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

In his objection, plaintiff does not dispute the dismissal of his vicarious liability claim. *See* Docket No. 54. Additionally, neither party disputes that diabetes is a serious medical condition, that Dr. Mozer was aware of the risks associated with Risperdal, nor the need to order a blood test. Thus, the only disputed issue is whether plaintiff's complaint sufficiently alleges that Dr. Mozer was aware of and disregarded an excessive risk to plaintiff's health.

While an Eighth Amendment violation can occur where medical care is unnecessarily delayed, *Sealock*, 218 F.3d at 1210, plaintiff must show that the "delay

resulted in substantial harm", *id.*, and resulted in "the unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. Thus, a delay in treatment that is unintentional, or even negligent, however serious the harm, does not violate the Constitution. *See id.* at 104–05 (deliberate indifference "is manifested . . . by prison guards in intentionally denying or delaying access to medical care"); *see also Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006) ("inadvertent or negligent failure to provide medical care, however serious the consequences does not rise to deliberate indifference to serious medical needs."); *Fitzgerald v. Corrs. Corp. of Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") (internal quotation marks omitted).

In his objection, plaintiff alleges additional facts to support his claim that Dr. Mozer intentionally failed to order the blood test. Plaintiff asserts that, when he notified Dr. Mozer in February that he had never gotten a blood test, Dr. Mozer "faked like he was surprised" and said that it was "no big deal." Docket No. 54 at 4. Additionally, plaintiff claims that one of the nurses at the detention facility told him that Dr. Mozer "stated that [the blood test] didn't have to be done." *Id.*[2]

---

[2]Even if the Court were to consider the additional allegations that Dr. Mozer feigned surprise and said the delay was "no big deal," the Court finds that these allegations would not state a viable Eighth Amendment claim because they show only that Dr. Mozer inadvertently or negligently failed to provide the blood test. *See Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (a prison official's "negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment, as medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") (citations and internal quotations omitted).

Generally, the sufficiency of a complaint must rest on its contents alone. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). However, these exceptions to the general rule have been identified as follows: (1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if they are central to plaintiff's claim; and (3) matters of which a court may take judicial notice. *Id.* Here, neither plaintiff's additional facts nor the medical records fall within any of these exceptions. *See Colo. Legal Serv. v. Legal Aid Nat'l Serv.*, No. 08-cv-00258-MSK-KMT, 2009 WL 347500, at *2 (D. Colo. Feb. 11, 2009) (finding that the court is required to disregard supplemental material not within the "four corners of the Complaint"). Although plaintiff's motion [Docket No. 44] to file a second amended complaint was denied, it was denied without prejudice. Plaintiff had the opportunity to cure the procedural deficiencies identified in the minute order and re-file his motion, Docket No. 47, which he failed to do. Although plaintiff is proceeding pro se, because he had an opportunity to cure the deficiencies in his complaint, the Court will not consider plaintiff's additional facts or medical records for the purposes of the motion to dismiss. *See, e.g., Gee*, 627 F.3d at 1186 (noting that before dismissing a pro se complaint courts should "explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint.").

The Court finds no error with the Recommendation. The third claim alleges that plaintiff told Dr. Mozer of the need for a blood test, that Dr. Mozer agreed to order one, that three months later, when told that plaintiff had not had a blood test, Dr. Mozer told plaintiff that he thought that such a test had been ordered and ordered one the next day. Docket No. 6 at 4. These allegations assert only that Dr. Mozer negligently failed

5

to order the blood test. *See, e.g.,* Docket No. 6 at 9 ("Defendant breached that duty of care in negligently failing to provide" the blood test); *id*. ("defendant while acting in the scope of his employment [ ] committed negligent acts and omissions"). However, it is well settled that allegations of negligence alone are insufficient to establish an Eighth Amendment violation. *See Estelle*, 429 U.S. at 106 ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Even if the Court assumes that plaintiff used the wrong legal terminology when he used the term "negligent," the acts described at most only identify negligent behavior by Dr. Mozer. Accordingly, plaintiff's Eighth Amendment claim against defendant Erwin Mozer is dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 51] is **ACCEPTED**. It is further

**ORDERED** that Defendant Erwin Mozer, M.D.'s Motion to Dismiss Plaintiff's Prisoner Complaint [#6] [Docket No. 34] is **GRANTED**. It is further

**ORDERED** that plaintiff's third claim for relief against defendant Erwin Mozer is **DISMISSED**. It is further

**ORDERED** that Defendant Erwin Mozer, M.D.'s Rule 37 Motion for the Sanction of Dismissal [Docket No. 73] is **DENIED as moot**. It is further

**ORDERED** that plaintiff's claim against defendant Nurse Jane Doe is **DISMISSED**. It is further

**ORDERED** that this case shall be dismissed in its entirety.

DATED August 30, 2012.

            BY THE COURT:

            s/Philip A. Brimmer
            PHILIP A. BRIMMER
            United States District Judge